953 F.2d 640
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Radhame CABRERA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lamont CRUMITY, a/k/a Terry Wiggins, a/k/a Carlos Dukes,
Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco RODRIGUEZ, Jr., a/k/a Francis, Defendant-Appellant.
 Nos. 91-5557, 91-5558 and 91-5559.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 7, 1991.
Decided Jan. 21, 1992.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CR-90-389-A)
 Richard H. Rosenberg, New York City, Stephen J. Crum, Arlington, Va., David B. Albo, Vienna, Va., for appellants.
 Kenneth E. Melson, United States Attorney, Christine F. Wright, Assistant United States Attorney, Christopher J. Supple, Special Assistant United States Attorney, Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before MURNAGHAN, SPROUSE and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Jose Cabrera, Lamont Crumity, and Francisco Rodriguez were convicted by a jury of conspiracy to distribute five or more kilograms of cocaine and fifty or more grams of crack cocaine (21 U.S.C.A. § 846) (West 1981 & Supp.1991)). Crumity was also convicted of possession of three-fourths of a kilogram of crack with intent to distribute (21 U.S.C.A. § 841(a) (West 1981 & Supp.1991)). They appeal their convictions and the sentences they received. We affirm.
 
 
 2
 Appellants were participants in a conspiracy headed by Oswaldo (Ozzie) Rodriguez and Francisco (Franklin) Polanco, in which cocaine was bought in large quantities from New York for sale in northern Virginia and Washington, D.C. The trial testimony of five members of the conspiracy and six of its customers, as well as numerous law enforcement officers, established that the organization distributed crack in Washington, D.C., chiefly through Lamont Crumity, who directed deliveries almost daily to his subordinates. It distributed cocaine and crack in northern Virginia through various others, including Cabrera and Francisco Rodriguez. On the day the investigation of the conspiracy ended and arrests were made, a search of one of the organization's cars resulted in the seizure of five kilograms of cocaine, eight kilograms of crack, a machine gun, and a .44 caliber revolver.
 
 
 3
 Each appellant raises a separate claim of insufficient evidence. Cabrera maintains that the government failed to prove that he ever joined the Ozzie Rodriguez conspiracy. Francisco Rodriguez claims there was no showing that he was an active member of the conspiracy. However, summarized very briefly, the evidence showed that both men delivered cocaine to customers who placed orders with Ozzie Rodriguez and was sufficient to show their active membership in his organization. Lamont Crumity maintains that the government did not prove that he possessed three-quarters of a kilogram of crack on or about October 4, 1990, the date charged in the indictment. Although there was no testimony pinpointing the date, several witnesses testified that they delivered one or more kilograms of crack at Crumity's direction nearly every day during the period from July and August 1990 through October 11, 1990, when the arrests occurred. This evidence was sufficient to show Crumity's constructive possession of at least three-quarters of a kilogram of crack on or about October 4, 1990.
 
 
 4
 Crumity also claims that he is entitled to a new trial because of prosecutorial misconduct. At trial, counsel informed the court that one of Crumity's witnesses, a Nigerian seeking American citizenship, was interviewed by Secret Service agents the day before he was to testify and because he was upset by his interrogation, would not testify on Crumity's behalf "until he talked to his attorney." Counsel then stated:
 
 
 5
 He has got some very good exculpatory evidence for me. I don't know if it's grounds for prosecutorial misconduct, but let me tell you if they want something, they can ask. They don't have to hassle him, or they don't have to interrogate him. Just for the record, I would even wish to make a motion for mistrial on that ground.
 
 
 6
 The government attorney responded that the witness was being questioned as part of a separate investigation and that she had no knowledge of the actions of the Secret Service in this regard. Without any further showing or argument by Crumity, the court denied the motion for mistrial.
 
 
 7
 A new trial for prosecutorial misconduct is a remedy reserved for the most egregious case. United States v. Dudley, 941 F.2d 260 (4th Cir.1991); see also United States v. Smith, 893 F.2d 1573, 1583 (9th Cir.1990) (defendant must show improper conduct and probability that it affected the outcome of the trial). On this meager record against this stringent standard, Crumity's motion was properly denied.
 
 
 8
 Cabrera also claims the court improperly denied his request for a jury instruction regarding the elements of conspiracy. As required, we have read the instructions as a whole, see United States v. Park, 421 U.S. 658, 674 (1975), and conclude that the jury was properly apprised of the elements of conspiracy.
 
 
 9
 Finally, each appellant challenges the district court's determination of his base offense level. Cabrera argues that only cocaine should have been considered in his case because he was not personally involved with crack. Crumity argues that only crack should have been considered in his case because he was not involved with powder cocaine. However, the district court's determination that the total amount of both cocaine and crack which was seized--and stipulated to by the defense--was foreseeable to Cabrera and to Crumity is a factual finding which is reviewed under the clearly erroneous standard. United States v. Vinson, 886 F.2d 740 (4th Cir.1989), cert. denied, 58 U.S.L.W. 3468 (U.S.1990). We cannot find clear error in the district court's determination; the conspiracy was actively selling cocaine in both forms, and there is nothing in the evidence to indicate that any members were unaware of it.
 
 
 10
 Francisco Rodriguez claims that he withdrew from the conspiracy in October 1989 when he returned to New York, and should not be held responsible for any amounts distributed after that date. However, there was no affirmative evidence of his withdrawal in October 1989, and there was evidence to suggest that he was again selling drugs for the organization in northern Virginia in early 1990. The district court's finding that the amount of drugs involved included, in his case, amounts distributed before his incarceration in New York in April 1990 is not clearly erroneous.
 
 
 11
 Because no meritorious issues have been raised, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 12
 AFFIRMED.